Mr. Justice Cox
delivered the opinion of the court.
This bill is filed to set aside a sale made under a deed of trust at which the defendant Smith became .purchaser. The important facts in the case are, that the deed of trust was executed by John Stearns, under whom the complainant claims by subsequent purchase, to. James M. Latta and John E. Fuller, to secure an indebtedness to Walter Linkins ; that the debt secured being unpaid, a sale under the deed was advertised in the names of the trustees, but John M. Latta alone attended and conducted the sale.
The principal ground upon which the legality of the sale was impeached was, that it was made by only one of the two trustees, the other being absent and taking no part in it. The general rule on this subject undoubtedly is, that each party interested in the trust is entitled to the exercise of the joint judgment of the trustees in performing the duties required of them. It is contended on the part of the defendant that the sale itself is a mere ministerial act which may be executed by either party, or by one with the concurrence of the other, or by one and subsequently ratified by the other. In my judgment, however, there is no part of the duties of the trustees which requires so nice an exercise of judgment and discretion as the sale itself. It is a mistake to suppose that a trustee is bound to sell absolutely at the request of the creditor, without reference to the interests of the debtor. If, for example, he should sell during a storm, *339 when no bidders were present except the creditor, and sell to him for a fifth or a tenth of the value of the property, no one would undertake to maintain the validity of such a sale. The trustee must, if possible, avoid the sacrifice of the property on account of both parties. It is his duty to attend the sale to determine whether the weather and other circumstances are propitious; to watch the course of the bidding, to judge from the disposition of bidders whether it is expedient to proceed with or postpone the sale ; to judge whether the property should be sold in bulk or in parts, and in what order ; and his judgment in these respects cannot be properly exercised except on the spot and during the proceeding. For this reason it is impossible that one trustee should delegate this duty to another. It is necessary that he should have before him, and at the proper time, all the materials and data upon which his judgment as trustee is to be exercised, and that he can only have by personal attendance at and supervision of the sale.
For the same reason a trustee cannot, after such sale made by his co-trustee, ratify his acts. He cannot have before him the data upon which a proper judgment can be exercised. Besides this, if a trustee could ratify the acts of his co-trustee, it could only be upon consultation with him and upon full information as to all the facts, and it is apparent that these circumstances were wanting in the present case.
If the execution of the deed by Fuller was a ratification of the sale, it was not done after consultation with his co-trustee, and was done with no information as to the state of affairs at the sale, or any other than that furnished by the recitals of the deed which was presented to him by the purchaser and executed at his request, and under any circumstances such a ratification could not be deemed a proper and effectual one. I feel bound, therefore, to decree that the sale shall be set aside and that the purchaser, Mr. Smith, shall account like a mortgagee in possession.
I have often had this question presented to me, and have always advised that the trustees must unite in the discharge of their duties. I have often been a trustee myself, and have *340 always felt that it was necessary to act in concurrence with my joint trustees, and have always done so. I think it proper further to remark, that I have seen nothing in the evidence involving any imputation or reproach against the fairness and honesty of the purchaser, who is the defendant in this case.
Note.—This case was appealed to the General Term, where, on March 20, 1882, the above decision was affirmed.